IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,776






EX PARTE JOSEPH PATRICK BLACK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W219-80239-04 (HC) IN THE 219
TH DISTRICT COURT


FROM COLLIN COUNTY






 Johnson, J. would also grant as to count one.

 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of four counts of sexual assault of a child and sentenced by a jury to twenty years' imprisonment on
each count. 

 Applicant contends that he was denied his right to appeal because the trial court failed to
appoint him an appellate attorney until after the deadline for filing a notice of appeal had passed. 
The trial court pronounced sentence as to count one on May 6, 2005, but failed to pronounce
sentence as to counts two, three and five until August 19, 2005. Applicant filed pro se notices of
appeals on all counts on June 13, 2005. Applicant had not previously made known his desire for
appeal. Notice of appeal as to count one was late, but counts two, three and five were not appealable
until sentence was pronounced by the trial court. The Court of Appeals dismissed all Applicant's
notices of appeal on November 4, 2005. Black v. State, No. 05-05-00889-CR (Tex. App.-Dallas,
delivered November 4, 2005).

 The trial court has determined that Applicant failed to timely file notice of appeal on count
one, but should be given the opportunity to appeal counts two, three and five. We find, therefore,
that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of
conviction in Cause No. 219-80239-04 for counts two, three and five, from the 219th Judicial
District Court of Collin County. Applicant is ordered returned to that time at which he may give a
written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. 
All time limits shall be calculated as if the sentence had been imposed on the date on which the
mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must
take affirmative steps to file written notices of appeal in the trial court within 30 days after the
mandate of this Court issues.

 Applicant's claims as to count one are denied. Applicant's remaining claims as to counts
two, three and five are dismissed. Ex Parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).


Delivered: October 10, 2007

Do Not Publish